THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSE FORREST, Defendant-Appellant.

(No. 54673;

First District—May 6, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James J. Doherty and John T. Moran, Jr., Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Jesse Forrest, was charged with murder. After a trial without a jury, he was convicted of that crime and sentenced to a term of 14 to 16 years. On appeal he contends that the act proved against him did not constitute murder, and also that the State failed to prove a material allegation in the indictment.

The indictment charged in part that "Jesse Forrest committed the offense of murder, in that he intentionally and knowingly, shot and killed Alcus Lenior with a gun, without lawful justification * * *". The facts as brought out at trial follow.

Prior to the killing, defendant and several friends had been drinking whiskey. They then stood in a group in front of a friend's house. Three of the group, all friends of defendant, testified for the State that defendant commented that he was going to shoot at the next automobile containing white persons. Phillip Harrison, one of the witnesses, testified that previously an automobile containing white persons had driven by and shouted derogatory racial remarks at defendant and the others, all of whom were Negro. As a Volkswagen bus approached, defendant took a gun from another member of the group, Walter Tucker. It was defendant's gun, but Tucker had been carrying it for him. Defendant aimed the gun over the shoulder of Harrison and fired it. The deceased, Alcus Lenior, another member of the group was shot and killed by the bullet. At the time defendant fired the shot, the deceased was standing off to the side.

On direct examination defendant testified that he was holding the gun, but that it slipped from his hand and discharged. On cross-examination he stated that he intended to fire the gun, but was aiming at the trees. He also denied that an automobile with white occupants previously had driven past the group shouting derogatory names.

Defendant maintains that while the proof at trial may have been sufficient to prove him guilty of involuntary manslaughter, it did not establish the crime of murder. In making this argument, he concedes that it was the shot from his gun which killed deceased. However he argues that there was no proof of hostility between defendant and the deceased. In fact, it was shown that the two were friendly with each other. He thus contends that proof of hostility between the accused and deceased is an essential requisite for a murder conviction.

■■ In urging this point, defendant overlooks the well established concept of "transferred intent." That principle was defined by our Supreme Court in *People v. Marshall* (1947), 398 Ill. 256, 75 N.E.2d 310 where the court stated at p. 263:

> "The law is well settled that where a person shoots at one with intent to kill and murder, but kills one whom he did not intend to injure, he is not absolved from answering to the crime of murder."

The Illinois Criminal Code, Ill. Rev. Stat. 1969, ch. 38, par. 9—1, provides in part as follows:

"A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:

(1) He either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or

(2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another * * *."

The Committee Comments to the 1961 Criminal Code (Smith-Hurd Ann. ch. 38, § 9—1 p. 400) states:

"'Or another' recognizes the established principle often described as 'transferred intent': if the offender has the mental state which characterizes murder, he is guilty of murder even if the person whom he kills is not the one whom he intended to kill."

Consequently, hostility or animosity between defendant and deceased is not an essential element of the crime of murder. The mental state necessary for a conviction of that crime need only be a knowledge or intent that the acts performed by defendant create a strong probability of causing death or great bodily harm. In the instant case, the requisite mental state of defendant was revealed by the evidence. Three witnesses testified that just prior to the killing, defendant had announced his intention to shoot at the next car containing white persons. This expressed intent of defendant was direct proof of his mental state, and also constituted circumstantial evidence that defendant's acts were voluntary. As was stated in *People v. Wesley* (1959), 18 Ill.2d 138, 163 N.E.2d 500, at p. 156:

"If a person voluntarily and wilfully does an act the direct and natural result of which is to destroy another's life, the conclusion, in the absence of qualifying facts, is that the destruction of another's life was intended, and proof of a deliberate intent to kill is unnecessary. It is sufficient if the killer either intended to kill the person assaulted or is actuated, in making the assault, by that wanton and reckless disregard of human life which denotes malice. [Citations omitted.]"

The trier of fact in the instant case was justified in finding that the deliberate and voluntary act of firing a gun at an automobile containing white persons constituted a wanton and reckless disregard of human life which denoted malice.

Moreover, the State proved all of the material allegations in the indictment, including that which charged defendant with "intentionally and knowingly" shooting and killing Alcus Lenior. As we have already noted, an intent to kill deceased may be imputed from the existence and

proof of an intent to kill another. *People v. Marshall* (1947), 398 Ill. 256, 75 N.E.2d 310; Ill. Rev. Stat. 1969, ch. 38, par. 9—1.

For the above reasons, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.