THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TYRONE A. FRANKLIN, Defendant-Appellant.

Third District No. 3—91—0178

Opinion filed February 21, 1992.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge, and Kathleen M. Vaught, of Naperville (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

A jury found the defendant, Tyrone A. Franklin, guilty of attempted murder, armed violence, and aggravated battery (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4, 9—1, 33A—2, 12—4). The trial court sentenced him to a 16-year term of imprisonment for the attempted murder conviction and a concurrent four-year term for the armed violence conviction. The court dismissed the aggravated battery conviction as a lesser included offense of the armed robbery conviction. The defendant appeals. We affirm in part and vacate in part.

On appeal, the defendant first argues that his conviction for attempted murder should be reversed. Specifically, he contends that his

conviction might be based on an offense he was not charged with committing.

The record shows that the defendant was charged with attempted murder in that "with the intent to commit the offense of First Degree Murder, in violation of the Illinois Revised Statutes, Chapter 38, Section 9—1(a)(1), [he] performed a substantial step toward the commission of that offense, in that he, without lawful justification and with the intent to kill Christine L. Washburn, struck Christine L. Washburn with a bumper jack on or about the head area and/or while operating an automobile struck the body of Christine L. Washburn with said automobile." The record also shows that the jury was given the following jury instruction. "A person commits the offense of first degree murder when he kills an individual if, in performing the acts which cause the death, he intends to kill that individual or another." See Illinois Pattern Jury Instructions, Criminal, No. 7.01 (2d ed. Supp. 1989).

The defendant argues that the inclusion of the words "or another" was reversible error, because the jury may therefore have convicted him under a transferred intent theory which was not charged in the complaint. In this regard, he notes that some of the evidence at trial showed that he may have tried to kill another individual besides Washburn. Given the proximity of the acts, the jury may have concluded that he intended to kill the other individual when he struck Washburn. Thus, his intent to kill the other individual would be transferred to Washburn. While the defendant acknowledges that a person may be properly convicted under a transferred intent theory, he contends that the State must first specifically allege this theory in the charging instrument.

The defendant recognizes that *People v. Forrest* (1971), 133 Ill. App. 2d 70, 272 N.E.2d 813, stands for the proposition that the concept of transferred intent need not be alleged in the charging instrument. However, he asks this court to overlook that decision since the Illinois Supreme Court may overrule *Forrest* in People v. Griggs, No. 69790 (argued March 21, 1991).

■ Griggs is a case presently before the supreme court in which the court is apparently considering the same question presented in the case at hand. We decline to speculate about what our supreme court will do in Griggs. Therefore, since the concept of transferred intent may properly be presented to the jury without alleging it in the charging instrument, we find that the trial court did not err in giving the complained-of jury instruction. Accordingly, we affirm the defendant's conviction for attempted murder.

The defendant's next argument is that his conviction for armed violence should be vacated since it violates "one-act-one-crime" principles. Specifically, he notes that his armed violence conviction is based on the same act as his conviction for attempted murder.

█ It is well-settled law that multiple convictions based upon the same physical act or acts cannot stand. *People v. Ellis* (1986), 143 Ill. App. 3d 892, 493 N.E.2d 739.

The record shows that the attempted murder charge alleged that the defendant struck Washburn with a bumper jack and a car. The aggravated battery charge, which the armed violence charge was based upon, also alleged that the defendant struck Washburn with a bumper jack and a car.

We agree with the defendant that the same acts, hitting the victim with a car and a bumper jack, formed the basis for both convictions. As such, we find that the defendant's conviction for armed violence cannot stand since that conviction and the attempted murder conviction resulted from the same physical acts.

Accordingly, the judgment of the circuit court of Henry County is affirmed as to the defendant's conviction for attempted murder. The defendant's conviction for armed violence is vacated.

Affirmed in part and vacated in part.

HAASE and McCUSKEY, JJ., concur.