THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDREW RAPOFF, Defendant-Appellant.

Fifth District    No. 79-329

Opinion filed May 9, 1980.

Robert H. Rice, of Belleville, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Martin N. Ashley and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mme JUSTICE SPOMER delivered the opinion of the court:

The defendant, Andrew Rapoff, and a co-defendant, Walter Rozycki, were each charged with battery and reckless conduct arising from an incident involving the complainant, Ronald Coleman, on August 16, 1978. The charges were consolidated for trial and heard by the same jury. The jury found the defendant guilty of both charges, but found the co-defendant not guilty as to each charge. The defendant was fined $200 plus costs on each of the two complaints. He appeals his conviction, contending (1) that the acquittal of his co-defendant raised a reasonable doubt of his guilt; (2) that his acts would not support separate convictions for battery and reckless conduct.

The testimony of the complainant was that during the early morning hours of August 16, 1978, he was in Charlie's Restaurant in Granite City. While there, he saw but did not speak to defendant Rapoff and co-defendant Rozycki. Coleman, a city alderman, and the defendant had a prior history of animosity arising from certain zoning matters. Upon leaving the restaurant to go to his car, Coleman heard someone calling to him, "Hey, Ron, long time, no see." He turned and saw defendant across the parking lot, near the door of the restaurant. Coleman walked over to

the defendant and shook hands. Immediately thereafter, defendant hit him in the mouth. Coleman grabbed defendant's forearm, trying to hold him, but was himself grabbed from behind by someone he later identified as Rozycki. Defendant hit Coleman again in the face, knocking him to the ground. Coleman looked up from the ground and saw Rozycki standing over him. Rozycki then held Coleman on the ground, while defendant kicked and hit him. Coleman got off the ground again, trying to fight back, but was knocked down by blows and kicks from both Rozycki and defendant. Coleman eventually got away and ran into an adjacent alley.

Other evidence showed that immediately after the incident, Coleman told two police officers that he had been beaten by defendant Rapoff and "another guy," whom he did not name. Moreover, immediately after the incident, blood was found on defendant's shirt and trousers. No blood was observed on Rozycki's clothing.

At trial, the defendant and co-defendant presented different defenses. Defendant admitted fighting with Coleman, but claimed that Coleman attacked him first. Rozycki denied taking any part in the fight or even knowing anything of it until afterwards, and his testimony was corroborated by defendant.

■■ The general rule in Illinois is that the failure of a jury to convict one co-defendant does not raise a reasonable doubt as to the guilt of other co-defendants. (*People v. Stock* (1974), 56 Ill. 2d 461, 465, 309 N.E.2d 19, 21.) For a reasonable doubt to be raised in such cases, it must be shown that the evidence given against all of the defendants is identical in all respects. *Stock*, 56 Ill. 2d 461, 465, 309 N.E.2d 19, 21.

■■ In the instant case, the evidence against the two co-defendants was not identical. Coleman had a good opportunity to observe the defendant, and even spoke to him, but testified that co-defendant Rozycki first attacked him from behind. Coleman did not see the second attacker until he had been struck twice in the head and knocked to the ground. Furthermore, he named the defendant, but not Rozycki, as his attacker to police officers on the night of the offense. Under such circumstances, the jury could reasonably conclude that Coleman's identification of defendant was trustworthy, but that a reasonable doubt existed as to the accuracy of his identification of Rozycki. A difference in the opportunity of a witness to observe the different participants in an offense makes the evidence as to co-defendants dissimilar, so that acquittal of the co-defendant with less evidence against him will not raise a reasonable doubt as to the guilt of the other defendant. *People v. Tolbert* (1978), 62 Ill. App. 3d 71, 74-75, 379 N.E.2d 21, 23; *People v. Browder* (1974), 21 Ill. App. 3d 223, 226-27, 315 N.E.2d 168, 170-71.

Similarly, the defendant and Rozycki had different theories of defense: defendant admitted fighting with Coleman but claimed self

defense, whereas his co-defendant denied participation in the fight. Blood was found on defendant's clothing; none was found on that of Rozycki. These facts differentiate the evidence against the co-defendants, so that the acquittal of Rozycki did not raise a reasonable doubt of defendant's guilt. (*People v. Hill* (1978), 65 Ill. App. 3d 879, 886, 382 N.E.2d 881, 885.) We therefore find no grounds to overturn the jury's determination of defendant's guilt.

■ However, we do not believe that defendant's actions will support conviction for both the offenses of battery and reckless conduct. Under *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, multiple convictions and concurrent sentences are permitted in all cases, other than lesser-included offenses, where a defendant has committed several acts, despite the interrelationship of those acts. "Act" is intended to mean any overt or outward manifestation which will support a different offense. A number of factors must be considered to determine if defendant has committed several acts, however:

> "If, after an examination of several factors—time interval between acts; identity of the victim; location of the acts; *and* whether or not those acts fall within the same section of the Criminal Code—it is obvious that the defendant has committed several acts which give rise to more than one offense, none of which are lesser included offenses, then multiple convictions are proper under *King*." *People v. Schultz* (1979), 73 Ill. App. 3d 379, 385, 392 N.E.2d 322, 327.

In this case, both the battery and reckless conduct convictions arose from the same acts—the beating of Ronald Coleman. There was no significant time interval between acts. The same victim was involved. The beating took place at only one location. The blows administered while the victim was standing cannot be readily distinguished from those administered while he was on the ground, and prejudice would result to the defendant to allow convictions on both offenses in this case. See *People v. Hawk* (1980), 80 Ill. App. 3d 827, 400 N.E.2d 499.

Accordingly, defendant's conviction for reckless conduct is vacated, and the remainder of the judgment of the Circuit Court of Madison County is affirmed.

Vacated in part and affirmed in part.

HARRISON and KARNS, JJ., concur.