THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD PRUDE, Defendant-Appellant.

Fifth District   No. 79-327

Opinion filed August 5, 1980.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Martin N. Ashley and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Edward Prude, was convicted by a jury in the Circuit Court of St. Clair County of armed robbery, armed violence, and aggravated battery. Defendant was sentenced to concurrent 10-year terms of imprisonment on the armed robbery and armed violence convictions; however, the trial court did not impose a sentence for aggravated battery.

Count I of the indictment charged defendant with the offense of armed robbery and alleged that while armed with a dangerous weapon, a gun, defendant took a lady's purse containing $4 United States currency and personal papers from the person of Barbara Schneider by the use of force. In count II defendant was charged with armed violence, and it was there alleged that defendant, while armed with a pistol, a Category I weapon, performed acts prohibited by Illinois law, to wit, aggravated battery, in violation of section 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(1)). It was there charged that defendant intentionally and without legal justification caused bodily harm to Barbara Schneider in that he struck Barbara Schneider on the head with a deadly weapon, a gun. Count III alleged aggravated battery in striking Barbara Schneider on the head with a gun.

At trial, Barbara Schneider testified that a man ran up to her from behind and placed a small hand gun between her eyes. She was then immediately hit in the left ear with the gun butt. A short struggle ensued during which defendant grabbed at her purse. As she dropped her briefcase and fell down, she again was struck on the head. Defendant then jerked her purse away from her and ran.

■■ At the sentencing hearing and on appeal, the State concedes that the aggravated battery conviction was a lesser included offense of armed violence and must be reversed. We agree. Therefore, the judgment entered by the trial court on the aggravated battery conviction is reversed. *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.

The defendant contends on appeal that the armed violence conviction, based upon aggravated battery, cannot stand because he struck the victim in order to facilitate the armed robbery. He argues that the same blows cannot constitute the force necessary to accomplish both armed robbery and armed violence. The State contends that armed robbery and armed violence are not lesser included offenses and that both convictions should be affirmed.

■■■ The law is well settled that prejudice results to a defendant in those instances where more than one offense is carved from the same physical act. With regard to multiple acts, prejudice exists only where the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. (*People v. King.*) As stated by the court in *People v. Schultz* (1979), 73 Ill. App. 3d 379, 385, 392 N.E.2d 322, 327, "If, after an examination of several factors—time interval between acts; identity of the victim; location of the acts; *and* whether or not those acts fall within the same section of the Criminal Code—it is obvious that the defendant has committed several acts which give rise to more than one offense, none of which are lesser included offenses, then multiple convictions are proper under *King." Cf. People v. Rapoff* (1980), 84 Ill. App. 3d 206, 405 N.E.2d 377.

In the case at bar, both the armed violence and armed robbery convictions resulted from the defendant's possession and use of a hand gun when they were committed. It is alleged that the gun was involved in the commission of the armed robbery when defendant used it as a dangerous weapon while taking the victim's property by the use of force. Additionally, it is charged that defendant used the same gun, a Category I weapon, to commit the offense of armed violence by employing it as a deadly weapon in committing an aggravated battery by striking the victim in the head, causing her bodily harm.

Defendant, in urging that the infliction of the bodily harm upon Ms. Schneider constituted the force necessary to accomplish the armed robbery, contends that the motivation for the infliction of the bodily harm was the commission of the armed robbery. A similar contention was considered by the court in *People v. King*, in which the court stated: "We, therefore, reject the 'independent motivation' test as a standard for determining whether multiple convictions and concurrent sentences are permissible." 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844.

Further, in reaching its decision, the court in *People v. King* noted that the basis for the argument for retaining the "independent motivation" test was that multiple convictions might adversely affect the defendant's parole opportunities. The court then stated:

"If, for example, a defendant causes his victim great bodily harm while committing or attempting to commit an armed robbery, the additional offense of aggravated battery, even though incidental to or motivated by the more serious criminal objective, *i.e.*, armed robbery, is a proper factor for the parole board to consider, for it reflects on the nature and seriousness of the defendant's overall conduct. Therefore, the defendant cannot claim he is unfairly prejudiced by the parole board's consideration of lesser offenses which are committed in the furtherance of a more serious criminal objective." 66 Ill. 2d 551, 564, 363 N.E.2d 838, 844.

In principle, the example alluded to by the *King* court and the evidence in the instant case are identical. We conclude, therefore, that the evidence supports defendant's convictions and sentences for both armed robbery and armed violence.

Defendant requests that this court remand the case for resentencing on the armed robbery conviction since his armed violence conviction must be reversed; however, because defendant's armed violence conviction is affirmed, we need not consider this request.

Finding that oral argument would be of no assistance to the court in reaching its conclusion and that there is no substantial question presented, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 352(a)). We affirm the judgment of the Circuit Court of St. Clair County finding defendant guilty of armed robbery and armed violence and the court's sentence for each offense; and we reverse defendant's conviction for aggravated battery.

Affirmed in part; reversed in part.

KARNS and SPOMER, JJ., concur.