THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELIJAH CHILDS, a/k/a Rufus Childs, Defendant-Appellant.

First District (4th Division)   No. 77-1181

Opinion filed July 27, 1978.

James J. Doherty, Public Defender, of Chicago (John McNamara and Gail A. Moreland, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, Elijah Childs, was charged with attempted murder, armed robbery and four counts of aggravated battery (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4, 18—2, 12—4(a) and 12—4(b)(1)), arising out of a shooting incident at the Pleasantview Nursing Home in Niles, Illinois. After a jury trial in the circuit court of Cook County, he was found guilty as charged. The trial court entered judgments on all counts except the one count of

aggravated battery charging permanent disability. Defendant was sentenced to a term of 30 to 60 years for attempt murder, 20 to 40 years for armed robbery and 3 to 10 years for each count of aggravated battery. All sentences were concurrent.

The sole issue presented is whether the trial court erred in entering judgments and imposing sentences for three counts of aggravated battery.

The facts as pertinent to this appeal show that on February 23, 1976, the complaining witness, Alfredo Rodriguez, and the defendant were employees of the Pleasantview Nursing Home. The two men had shared a room in the basement of the home for the previous 25 days. This room was furnished to them as part of their compensation. At about 11 p.m., the complainant told the defendant that he was going to sleep. He went to bed wearing his slacks, which contained his wallet with $151 in it. Sometime later, the complainant was awakened by the noise of a gunshot. He touched his face and saw blood. The defendant, who was standing at the foot of his bed, said, "Give me the f_____ money, m_____ f_____." Defendant ordered the complainant to roll over and tied his hands with a rag. He also tied a pair of pants around the complainant's mouth as a gag. Defendant then took complainant's wallet and wristwatch. At this point, defendant shot him in the face a second time. Subsequently, the defendant took his coat from a locker in the room and his shoes from his bed. Just before leaving the room, the defendant told complainant he was going to kill him and that no one knew about him. As the complainant's head lay on the pillow, the defendant shot him a third time.

The complainant received scars as a result of the two gunshots to his face. The third bullet fired into the back of his skull, hit the spine, breaking off some bones. The complainant suffered frequent headaches as a result of the incident.

It was not disputed that the complainant was shot three times. The two spent bullets fired into the complainant's face were recovered from his bed. The third bullet was surgically removed from the complainant's head.

The defendant contends that it was error to enter judgment for the three counts of aggravated battery, when these charges arose out of the same conduct which resulted in the attempt murder conviction. The State argues that defendant was properly convicted of two counts of aggravated battery, since these crimes were based on acts which were separate and distinct from the acts supporting the other crimes. One count of aggravated battery charged that in committing a battery, defendant intentionally or knowingly caused great bodily harm. A second count, dismissed at trial, charged that defendant caused permanent disability. A third count charged that defendant caused permanent

disfigurement and a fourth count charged that in committing a battery, defendant used a deadly weapon. See Ill. Rev. Stat. 1975, ch. 38, pars. 12—4(a) and 12—4(b)(1).

■■■ Multiple convictions and concurrent sentences are permissible for different offenses arising from multiple acts, even though the acts are incidental to or motivated by some greater criminal objective. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) We reject defendant's characterization of the incident that the three aggravated battery convictions resulted from the same conduct which made up the basis for the attempt murder conviction. Each of the three shootings was separated by an interval during which defendant performed other tasks related to his criminal objective. Even if defendant's second shot preceded the taking of Rodriguez's wallet and watch, a possible interpretation from the complainant's partially ambiguous testimony, our analysis would not be altered. Each shooting constituted an offense which was clearly divisible from the others. *People v. Nichols* (1976), 41 Ill. App. 3d 974, 354 N.E.2d 474.

We do find merit in the contention that the conviction for one count of aggravated battery must be reversed. It is evident that of the three shots, the third one, being preceded by defendant's words that he was going to kill Rodriguez in order to protect himself from discovery, most clearly supports a conviction for attempt murder. Therefore, any conviction for aggravated battery premised on this third shooting cannot stand, since aggravated battery is a lesser included offense of attempt murder. *People ex rel. Walker v. Pate* (1973), 53 Ill. 2d 485, 292 N.E.2d 387.

Either of the first two shots would support a conviction for aggravated battery based on great bodily harm or the use of a deadly weapon, as the photographs of Rodriguez taken at the hospital so graphically indicate. Although evidence introduced at trial might support a finding of permanent disfigurement, we need not decide this particular question, for each of the aggravated battery convictions involved the same sentence.

Accordingly, we find that the court erred in entering judgment for one of the three counts of aggravated battery. The judgments for attempt murder, armed robbery and the two counts of aggravated battery, charging great bodily harm and the use of a deadly weapon, are affirmed. The judgment for the remaining count of aggravated battery is reversed.

Affirmed in part, reversed in part.

JOHNSON, P. J., and ROMITI, J., concur.