THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DARNELL DAVIS, Defendant-Appellant.

First District (1st Division)    No. 80-992

Opinion filed September 14, 1981.

Ralph Ruebner and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Following a bench trial, defendant was convicted of attempt murder, two counts of aggravated battery, and intimidation. (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4, 9—1, 12—4(a) and (b)(1) and 12—6(a)(1).) He was sentenced to a term of 6 years in the Illinois Department of Corrections. The issue on appeal is whether the aggravated battery convictions arose out of the same incident as the attempt murder conviction, mandating reversal of the aggravated battery convictions. Stated otherwise, the issue is where the accused inflicted multiple wounds on his victim in succession, has he committed one criminal act or multiple offenses. No question is raised regarding the identification of defendant as the assailant.

The victim testified that he heard two rapid gunshots and felt a burn on the left side of his face and his left forearm where he was wounded. Defendant argues that the aggravated battery convictions and the attempt murder conviction arose out of the same incident or course of conduct and that both convictions for the lesser included offense of aggravated battery must be vacated.

The State concedes that one of the aggravated battery convictions should be vacated as a lesser included offense of attempt murder. But it argues that the other conviction may stand as a separate act of aggravated battery.

The general principle governing this case was enunciated by our supreme court in *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273:

"Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered."

In general, "[t]he interval of time between acts is an important consideration in determining whether or not the acts are 'a series of incidental or closely related acts' for the purposes of applying *King*." (*People v. Connor* (1980), 82 Ill. App. 3d 652, 660, 402 N.E.2d 862.) If the acts giving rise to aggravated battery and attempt murder convictions are "closely related," a conviction for only one offense is proper and the

conviction of the lesser included offense of aggravated battery must be vacated. *People v. Connor.*

In *People v. Connor,* the defendant was convicted, *inter alia,* of aggravated battery and attempt murder. He had fired two bullets striking the victim in the head and then hit her in the back with a third shot as she tried to run away. The court held that the shots were closely related and, under *People v. King,* vacated the aggravated battery conviction. In *People v. Brock* (1978), 64 Ill. App. 3d 64, 68, 380 N.E.2d 1102, the victim was shot once in the chest and again in the neck as he crawled away. Again the court held that the two shots arose from a single incident and vacated his conviction for aggravated battery as a lesser included offense of the attempt murder conviction. In *People v. Williams* (1978), 62 Ill. App. 3d 966, 975, 379 N.E.2d 1268, defendant, who shot his robbery victim three times in the back of the head, was convicted, *inter alia,* of aggravated battery and attempt murder. The aggravated battery conviction was reversed because the shooting constituted a single act of the defendant which could not be used to support convictions for more than one offense. Similarly, in *People v. Walker* (1975), 26 Ill. App. 3d 955, 960, 326 N.E.2d 63, the defendant was convicted of aggravated battery and attempt murder where he shot a police officer in the head, then, as the officer sought aid, pursued him and shot him in the left foot. The appellate court found that the same action of shooting the officer had resulted in both convictions and vacated the aggravated battery conviction.

Conversely, in *People v. Mays* (1980), 81 Ill. App. 3d 1090, 1101-02, 401 N.E.2d 1159, we upheld three convictions based on charges of aggravated battery for causing great bodily harm, aggravated battery causing permanent disability, and aggravated battery with a deadly weapon. The defendant there shot at the victim several times, grazing him under the neck with three bullets, and, when the victim fell, shot him twice more. The victim sustained two wounds reflective of one injury in the left submandibular region, the left side of his neck was grazed, and the bridge of his nose was injured. We stated that it appeared from the record that all three aggravated battery convictions arose " 'from a series of * * * closely related acts' encompassed in the conduct of pulling the trigger to the gun at least three separate times." Under the test of *People v. King,* we therefore reasoned that the offenses were based on separate acts, and each required proof of a different element. However, in *Mays* there was not a consideration of the element of time between each instance when the victim was shot.

Another important factor in considering whether the acts give rise to one or multiple offenses is whether any act or event intervened between the successively inflicted injuries. Thus, in *People v. Myers* (1981), 85 Ill. 2d 281, 288-89, 422 N.E.2d 620, our supreme court upheld two convictions (one for attempt murder and one for armed violence based on aggravated

battery), where defendant stabbed his victim twice in the neck, but committed an intervening act of violence on a third person. This court in *People v. Childs* (1978), 62 Ill. App. 3d 924, 926, 379 N.E.2d 721, upheld two aggravated battery convictions and an attempt murder conviction, but vacated a third aggravated battery conviction as based on the same act as the attempt murder. The defendant in *Childs* shot his victim in the face, then gagged and robbed him, shot him a second time in the face, then took his coat and shoes which were lying nearby. The defendant then told the victim he was going to kill him, ostensibly to prevent discovery of the crime, and shot him again in the back of the head. We held that each shooting constituted an offense which was clearly divisible from the others, separated as they were by a time interval during which defendant performed other tasks related to his criminal objective. However, in *People v. Smith* (1978), 59 Ill. App. 3d 480, 493, 375 N.E.2d 941, we reached the opposite result. There, defendant shot each of three victims once, and he later shot the second victim again. He was convicted of two counts of murder based on the first and third victims and aggravated battery and attempt murder of the second victim. We vacated the aggravated battery, holding that the same actions of the defendant resulted in both the aggravated battery and the attempt murder conviction.

The above discussion suggests that the decisions previously reached concerning the applicability of multiple convictions under the facts presented have not been uniform. However, we believe that the time interval between the injuries inflicted and the presence of intervening events are of considerable significance. See *People v. Cross* (1980), 84 Ill. App. 3d 868, 873, 406 N.E.2d 66.

Further, in the instant case, we find the prosecutorial intent as reflected by the text of the multi-count information filed to be one additional factor of significance. The single attempt murder information charges that defendant attempted to kill the victim by shooting him with a gun. The aggravated battery charges are based on his shooting the victim both in the arm and left cheek. All three charges encompass the same acts. See *People v. Lerch* (1972), 52 Ill. 2d 78, 81, 284 N.E.2d 293.

We conclude that the two injuries defendant inflicted on the victim by rapidly shooting him twice in succession without any intervening acts or events constitute parts of the same physical act and, under *People v. King*, therefore are required to vacate both aggravated battery convictions as lesser included offenses. The attempt murder conviction is affirmed.

The judgment of the circuit court is affirmed in part and vacated in part.

Affirmed in part, vacated in part.

GOLDBERG and McGLOON, JJ., concur.