THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS BAITY, SR., Defendant-Appellant.

First District (2nd Division)   No. 83—66

Opinion filed June 19, 1984.

James J. Doherty, Public Defender, of Chicago (Eve Moran and Frank P. Madea, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and James J. Bigoness, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Following a bench trail, the defendant, Thomas Baity, Sr., was convicted of attempted murder (Ill. Rev. Stat. 1981, ch. 38, pars. 8—4, 9—1), armed violence based on aggravated battery (Ill. Rev. Stat. 1981, ch. 38, pars. 33A—2, 12—4(a)), and aggravated battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—4). The court found that the aggravated battery count merged into the armed violence conviction, and the defendant was sentenced to concurrent terms of eight years for attempted murder and armed violence. On appeal, he contends that he was improperly convicted of multiple offenses arising from a single physical act.

The evidence presented at trial established that at 5:30 a.m. on August 30, 1980, the defendant went to his wife's Chicago apartment and said, "I came to say goodbye." As his wife turned and walked away, he shot her three times, wounding her in the right shoulder, left hip and left arm.

■ The defendant's sole contention on appeal is that the three shots constituted a single physical act which could properly give rise to only one conviction and sentence.[1]

■ The seminal case involving multiple convictions carved from a single physical act is *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273. In a much-quoted passage, the court stated:

"Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple con-

---

[1]Although the State contends that the defendant has waived this issue by failing to raise it in the trial court or include it in his motion for a new trial, we have elected to consider the matter under the plain error doctrine (87 Ill. 2d R. 615).

victions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. *'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense.* We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (Emphasis added.) (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45. See *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477.)

Pursuant to this reasoning, the court upheld the defendant's convictions for rape and burglary because the offenses were based on separate acts, each requiring proof of a different element.

Since *King* was decided, several cases have confronted the question of whether a defendant's conduct in a particular instance constituted separate acts or merely distinct parts of a single physical act. From these cases emerged a series of factors to be considered in making this determination. For example, in *People v. Myers* (1981), 85 Ill. 2d 281, 426 N.E.2d 535, the court considered a situation in which the defendant stabbed one victim in the throat, removed the knife briefly to cut a second victim, then again stabbed the first victim in the throat. In determining that the defendant committed two physical acts with respect to the first victim, the court accorded significance to the fact that there was a distinct, intervening act separating the successively inflicted stab wounds. Similarly, in *People v. Childs* (1978), 62 Ill. App. 3d 924, 379 N.E.2d 721, the defendant shot the victim, gagged and robbed him, shot him again, took his coat and shoes, then shot him a third time. The court held that the three shots constituted multiple acts because they were separated by the defendant's performance of other acts related to his criminal objective. Thus, it appears that one factor to be considered in determining whether multiple acts occurred is the existence of an intervening act or event.

A second factor given prominence in some cases is the time interval occurring between successive parts of the defendant's conduct. In *People v. Davis* (1981), 100 Ill. App. 3d 268, 271, 426 N.E.2d 1047, 1050, the court found that the defendant's conduct in inflicting two wounds upon the victim by "rapidly shooting him twice in succession" constituted parts of the same physical act and could support only a single conviction.

Other factors considered significant are the identity of the victim, the similarity of the acts performed and whether the conduct occurred

at the same location. The court in *People v. Rapoff* (1980), 84 Ill. App. 3d 206, 405 N.E.2d 377, held that the separate blows of a beating constituted a single act where they were inflicted almost simultaneously upon the same victim in a single location. Similarly, in *People v. Connor* (1980), 82 Ill. App. 3d 652, 402 N.E.2d 862, the defendant was found to have committed only one act where he fired three successive shots into the same victim at the same location. In *People v. Brock* (1978), 64 Ill. App. 3d 64, 380 N.E.2d 1102, the court held that one physical act occurred where the defendant shot the victim in the chest and again in the neck as he crawled away. Other similarly reasoned cases include *People v. Hawk* (1980), 80 Ill. App. 3d 827, 400 N.E.2d 499 (the defendant's conduct in hitting and kicking the victim constituted one physical act), *People v. Wilson* (1981), 93 Ill. App. 3d 395, 417 N.E.2d 146 (the multiple blows of a continuous beating constituted one act), and *People v. Walker* (1975), 26 Ill. App. 3d 955, 326 N.E.2d 63 (only one act occurred where the defendant shot the victim twice, wounding him in the head and foot).

Other cases, however, have interpreted the *King* definition of an "act" far more narrowly, holding essentially that each distinct movement by the defendant is capable of supporting a separate conviction. In *People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180, the court rejected the argument that striking the victim several times with a club constituted a continuous beating and therefore a single physical act. Rather, it held that the separate blows, although closely related, constituted separate acts which could properly support multiple convictions with concurrent sentences. Also, in *People v. Mays* (1980), 81 Ill. App. 3d 1090, 401 N.E.2d 1159, the defendant fired a series of shots, wounding the victim three times. The court affirmed the three convictions for aggravated battery, holding that the defendant's conduct in pulling the trigger three times constituted three separate acts, each requiring proof of a different element. In the same vein, the court in *People v. Post* (1982), 109 Ill. App. 3d 482, 440 N.E.2d 631, held that the defendant committed four distinct physical acts where he stabbed the victim four times in rapid succession.

In the case at bar, the defendant shot the victim three times in rapid succession, without the occurrence of any intervening act. Our study of the cases dealing with the subject leads us to conclude that the better-reasoned view is that the defendant's conduct in pulling the trigger three times in rapid succession constituted parts of a single physical act, giving rise to only one offense. Besides the presence of all of the factors enumerated above, *i.e.*, identity of the victim and location, similarity of the acts and lack of a substantial time interval or

intervening act, we believe that one additional factor exists which supports our conclusion. A reading of the multicount information reveals that the State intended to treat the defendant's conduct in shooting the victim as a single act. The attempted murder count charges that the defendant attempted to kill the victim "by shooting her with a gun." The aggravated battery count, which formed the predicate for the armed violence charge, is based on the defendant's action in "shooting [the victim] in the leg, arm and back with a gun." Thus, the State makes no attempt to differentiate between the conduct supporting the attempted murder charge and that supporting the armed violence charge. Prosecutorial intent, as reflected in the wording of the information, has been recognized as a significant factor in determining whether the defendant's conduct constituted separate acts, each requiring proof of a different element. *People v. Lerch* (1972), 52 Ill. 2d 78, 284 N.E.2d 293; *People v. Davis* (1981), 100 Ill. App. 3d 268, 426 N.E.2d 1047.

In summary, we believe that the three injuries inflicted upon the victim by rapidly shooting her three times in succession without any intervening act or event constitute parts of the same physical act. Therefore, under the authority of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, the defendant's conviction and sentence for armed violence are vacated. Because the court imposed concurrent sentences and there is no indication that it was influenced in its sentencing determination by the number of separate offenses carved from the incident, a remand for resentencing on the attempted murder conviction is unnecessary. *People v. Miles* (1981), 96 Ill. App. 3d 721, 422 N.E.2d 5.

Accordingly, the judgment of the circuit court is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

STAMOS and PERLIN, JJ., concur.