THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVE ELLIS, Defendant-Appellant.

Third District   No. 3—85—0654

Opinion filed May 30, 1986.

Robert Agostinelli, of State's Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Steve Ellis, was charged, tried, and convicted on two counts of aggravated battery arising out of a single occurrence. Following conviction, he was sentenced to two concurrent 10-year extended terms of imprisonment. These sentences were also to run concurrently with another 10 year sentence for aggravated battery. Not a nice person, the defendant's past conviction record includes aggravated battery, theft, intimidation, armed robbery, and criminal trespass to a vehicle.

The two-count information charged two separate offenses of aggravated battery in connection with a beating administered by the defendant to the victim, Delia Mejia, on September 23, 1984. The gist of count I was that the defendant knowingly caused great bodily harm to the victim. The gist of count II was that the beating occurred in a public place of accommodation. Ill. Rev. Stat. 1983, ch. 38, pars. 12—4(a), 12—4(b)(8).

The simple facts are as follows: The victim, Delia Mejia, and her husband were shopping for groceries in the Jewel food store in Joliet on September 23, 1984. While her husband was in the produce section, Mrs. Mejia was in the cereal section. The defendant, a black man, passed by and asked her how she was doing. She said, "Fine." He then stopped behind her and, for no known reason, punched her in the back of the head and neck. She turned around to face him and he struck her in the nose with his fist, breaking her nose.

■ The defendant asserts that one of his convictions must be vacated since both were based on a single act. The State responds that both convictions should be affirmed since each was caused by a separate physical act and since each offense requires proof of an element that the other does not. The State claims, on appeal, that the defendant's first act of aggravated battery was that of initially striking the victim on the back of the head and neck *in a public place of accommodation* (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(8)). The second act of aggravated battery, it is claimed, occurred after the victim turned around and the defendant caused her *great bodily harm* by striking her in the face and breaking her nose (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(a)).

The issue before us, then, is whether the defendant's beating of Mrs. Mejia can, like her nose, be broken into separate parts so as to sustain two separate convictions for aggravated battery. We think not.

The seminal case involving multiple convictions carved from a single physical act is *People v. King* (1977), 66 Ill. 2d 551. In an oft quoted passage, the court stated:

"Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (*People v. King* (1977), 66 Ill. 2d 551, 566, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.)

Prior to the decision in *King*, the courts had used the "independent motivation" test with respect to multiple convictions and concurrent sentences.

For example, in *People v. Stewart* (1970), 45 Ill. 2d 310, the court held the defendant's series of acts were part of the same transaction and were not independently motivated. There, the defendant had been convicted of attempted robbery and aggravated battery resulting from the acts of inflicting serious bodily harm while simultaneously demanding money. The court reversed the conviction for the lesser offense of aggravated battery after finding nothing in the record to suggest "the acts which constituted the offense of aggravated battery were independently motivated or otherwise separable from the conduct which constituted the offense of attempted robbery." (45 Ill. 2d 310, 313.) Thus, prior to *King* the court's attention was focused on the criminal's objective at the time the acts were committed. *King*, in rejecting this approach, shifted its focus back to the defendant's conduct and away from the motive or purpose behind the act. This effectively broadened the circumstances under which concurrent sentences could be imposed for multiple convictions.

A fair number of Illinois cases have dealt with the question of

whether each separate stab wound, shot, etc., constitutes a separate offense. Some recent cases which tend to support the proposition that multiple blows constitute multiple offenses are: *People v. Donaldson* (1982), 91 Ill. 2d 164; *People v. Dixon* (1982), 91 Ill. 2d 346; *People v. Jones* (1984), 128 Ill. App. 3d 842; *People v. Horne* (1984), 129 Ill. App. 3d 1066; and *People v. Nelson* (1985), 130 Ill. App. 3d 304. Other cases tending to go in the other direction are: *People v. Mitchell* (1981), 98 Ill. App. 3d 398; *People v. Baity* (1984), 125 Ill. App. 3d 50; and *People v. Hope* (1986), 142 Ill. App. 3d 171. Our review of the former line of cases indicates that the two supreme court cases, *Donaldson* and *Dixon*, either do not clearly stand for the proposition stated or are distinguishable from the case at bar.

The case of *People v. Donaldson* (1982), 91 Ill. 2d 164, contrary to the assertions of the State, does not necessarily stand for the proposition that multiple gunshot wounds can serve as the basis for separate offenses for each wound. For, in *Donaldson*, the parties stipulated that the three shots which struck the victim constituted three separate acts and that each "act" could be the basis for conviction of a separate and distinct offense. (91 Ill. 2d 164, 167.) Thus, in *Donaldson*, our supreme court was not faced squarely with this issue as a contested matter.

In the case of *People v. Dixon* (1982), 91 Ill. 2d 346, the court held that separate blows even though closely related, were not one physical act and could support convictions and concurrent sentences for both aggravated battery and mob action. (91 Ill. 2d 346, 356.) *Dixon* seems to support the State's argument that defendant's dual aggravated battery convictions are sustainable in the instant case. However, we are not so persuaded. One factor which supports our conclusion is that the State made no attempt to differentiate between conduct supporting the first aggravated battery charge from that supporting the second charge.

■ Count I of the information charged the defendant with committing aggravated battery for causing great bodily harm by punching the victim "about the head with his fist." Count II charged the defendant with causing bodily harm by punching the victim "about the head with his fist" while in a public place of accommodation. The fact that the State initially conceived of the defendant's conduct as part of the same act, further distinguishes this case from *People v. Donaldson* (1982), 91 Ill. 2d 164, and *People v. Dixon* (1982), 91 Ill. 2d 346. Prosecutorial intent, as reflected in the language of the charging instrument, is a factor which is considered in determining whether a defendant's conduct constituted a single act or several separate acts.

(*People v. Horne* (1984), 129 Ill. App. 3d 1066, 1074.) In addition, *Horne* delineates five other factors to consider in determining whether a defendant's conduct constituted a single act or several separate acts.

These factors are:

> "(1) the existence of an intervening act or event; (2) the time interval between successive parts of defendant's conduct; (3) the identity of the victim; (4) the similarity of the acts performed; and (5) whether the conduct occurred at the same location." (*People v. Horne* (1984), 129 Ill. App. 3d 1066, 1074.)

After reviewing the application of these factors, we find this cause to be more akin to *People v. Mitchell* (1981), 98 Ill. App. 3d 398, *People v. Baity* (1984), 125 Ill. App. 3d 50, and *People v. Hope* (1986), 142 Ill. App. 3d 171, than to the other line of cases.

The method of charging the defendant in this case is really nothing more than an insurance policy for the prosecution. What is obvious is that the prosecution wanted to convict the defendant of aggravated battery. The charging instrument gave the prosecution two shots at this target. If proof were made that the battery occurred *in a public place*, then the battery became *aggravated battery* whether or not it caused great bodily harm. On the other hand, if proof were made that the battery caused great bodily harm, then the battery became *aggravated battery* whether or not it occurred in a public place.

In *People v. Mitchell* (1981), 98 Ill. App. 3d 398, a corrections officer was stabbed three times with a knife during an escape attempt by the defendant and another inmate. Mitchell was sentenced for attempt (murder) and for armed violence by committing the offense of attempt (escape) while armed with a dangerous weapon. The court held that Mitchell's conviction for armed violence should be vacated because the administration of each wound was not a separate act. It reasoned:

> "The attempt (escape) upon which defendant's armed violence conviction was based arose from the identical substantial step of stabbing." 98 Ill. App. 3d 398, 401.

In *People v. Baity* (1984), 125 Ill. App. 3d 50, the defendant shot the victim three times in rapid succession, without the occurrence of any intervening act. Our First District (second division) Appellate Court concluded that the defendant's conduct in pulling the trigger three times in rapid succession constituted parts of a single act giving rise to only one offense. (125 Ill. App. 3d 50, 53.) A significant factor which supported their conclusion was the fact that a reading of the multicount information filed by the State revealed that the State had

treated the defendant's conduct in shooting the victim as a single act. An attempted murder count had charged the defendant attempted to kill the victim " 'by shooting her with a gun.' " An aggravated battery count had charged the defendant with " 'shooting [the victim] in the leg, arm and back with a gun.' " (125 Ill. App. 3d 50, 54.) Thus, the State's failure to differentiate between the conduct that supported its charges and the fact that the defendant was shot three times in rapid succession, without the occurrence of any intervening act, led the court to conclude that the "better-reasoned view" was that only one offense had been committed. 125 Ill. App. 3d 50, 53.

In *People v. Hope* (1986), 142 Ill. App. 3d 171, Hope had been convicted of attempted murder, aggravated criminal sexual assault and armed violence. On appeal he argued he should not have been found guilty of attempted murder and armed violence. Both charges resulted from the rapid and repeated stabbings of the victim while on the stairs of an apartment building. The State argued that each stabbing of the victim was a separate physical act which supported a separate conviction. In rejecting this contention, our court held that "the better reasoned view is that defendant's conduct in stabbing the victim four times in rapid succession, there being no intervening acts or events, there being a single victim and all the stabbings occurred at the same location leads to the conclusion that the defendant's conduct gave rise to only one offense." *People v. Hope* (1986), 142 Ill. App. 3d 171, 176.

In the case *sub judice*, we do not believe the defendant's conduct can be broken into separate acts. All of the blows were struck in rapid succession, without an intervening act or event. They were struck at the same time and at the same location upon the same victim. Each of the blows were similar in nature and part of the beating of Mrs. Mejia. Moreover, as is made clear in the charging instrument, the fact that the State initially conceived of the defendant's conduct as part of the same act, that is, beating Mrs. Mejia about the head with his fist is a significant additional factor which supports this reasoning. The plain and simple fact of this case is that the defendant beat up his victim in a public place. There was only one overt or outward manifestation on the part of the defendant. The fact that this act occurred in a public place of accommodation does not belie the fact that a single offense of aggravated battery was committed. When a defendant's conduct does not give rise to separate acts, multiple convictions with concurrent sentences result in technical prejudice. (*People v. King* (1977), 66 Ill. 2d 551.) As we hold the instant defendant to have been technically so prejudiced, we vacate defendant's con-

viction for aggravated battery based on committing a battery in a public place of accommodation (count II) and affirm defendant's conviction for aggravated battery causing great bodily harm (count I).

■ Finally, defendant contends that the fine levied against him pursuant to the Violent Crime Victims Assistance Act (Ill. Rev. Stat. 1985, ch. 70, par. 501 *et seq.*) was satisfied by the county jail time that he served prior to conviction. The record is silent as to what actually occurred in the trial court. There is no indication that the defendant was actually assessed a fine under the Act. Hence, we must presume the trial judge acted properly. *People v. Hamilton* (1978), 64 Ill. App. 3d 276, 278.

Accordingly, for the reasons given, the judgment and sentence entered with respect to count I are affirmed and the judgment and sentence with respect to count II are vacated.

Affirmed in part and vacated in part.

STOUDER and WOMBACHER, JJ., concur.