THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOUGLAS P. KEEFER, Defendant-Appellant.

Third District   No. 3—91—0161

Opinion filed May 29, 1992.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Douglas P. Keefer, was charged by information with aggravated battery and resisting a peace officer (Ill. Rev. Stat. 1989, ch. 38, pars. 12—4(b)(6), 31—1). The trial court found the defendant guilty of both charges and imposed concurrent 2-year and 30-day sentences. The defendant appeals.

At trial, Officer Paul Lindow testified that on April 20, 1990, Keefer was brought to the police station following his arrest for driving under the influence of alcohol. At the police station, Lindow asked Keefer to go into an interview room. Keefer backed against the wall and told Lindow that he was not going to go any farther. Lindow informed Keefer that he was tired of Keefer giving him a hard time and warned Keefer that if he did not start cooperating, he would be charged with resisting arrest. Lindow then reached out to take Keefer by the elbow. Keefer pulled away, and the two men began wrestling. Despite the fact that Lindow had applied a full nelson hold on Keefer, Keefer was able to push Officer Lindow into the wall with enough force to put a hole in it. Keefer then broke free of Lindow by pulling back on his fingers. Once free, he began swinging at Lindow. At that time, two other officers arrived and helped take Keefer back to a jail cell.

Keefer testified on his own behalf that on the day in question, he was taken to the police station. Once there, he walked toward the interview room because there was a telephone in it he wanted to use. Officer Lindow grabbed him from behind and the two started struggling. Lindow did not say anything or make any demand of Keefer. During cross-examination, he admitted that because he was drunk at the time the incident occurred, he did not remember much of what happened until he read the police report.

The trial court found that Keefer knew Lindow was a police officer and that he still resisted him. Additionally, the court concluded that the defendant threw Lindow's elbow against the wall and bent his fingers back. Accordingly, the trial court found the defendant guilty of both charges.

On appeal, the defendant contends that his conviction for resisting a peace officer should be vacated. Specifically, he contends that the conviction is barred by the principle of "one act, one crime." That is, both convictions were based on the single act of struggling with Officer Lindow.

The State initially contends that this claim is waived. Alternatively, the State suggests that even if this claim has not been waived, it is ill-founded. In support of this contention, the State argues that the convictions stemmed from two separate acts.

We note that the defendant has waived any claim of error based upon the one-act-one-crime principle by failing to object at the sentencing hearing to the entry of judgment on both counts. (*People v. Gray* (1988), 171 Ill. App. 3d 860, 525 N.E.2d 1033.) This court, however, finds this to be an appropriate issue to address as plain error. See *People v. Varela* (1990), 194 Ill. App. 3d 357, 551 N.E.2d 318; *People v. Jackson* (1978), 64 Ill. App. 3d 159, 380 N.E.2d 1210.

■ ■ It is well-settled law that multiple convictions based upon the same physical act cannot stand. (*People v. Ellis* (1986), 143 Ill. App. 3d 892, 493 N.E.2d 739.) Among the factors which courts are to consider when determining whether the defendant's conduct constituted a single act or several separate acts are (1) the time interval between successive parts of the defendant's conduct; (2) the existence of an intervening act or event; and (3) whether the conduct occurred at the same location. *People v. Varela* (1990), 194 Ill. App. 3d 357, 551 N.E.2d 318.

In the instant case, the information charged the defendant with committing aggravated battery by knowingly making "physical contact of an insulting or provoking nature with Officer Paul Lindow in that he grabbed and bent Officer Lindow's fingers, grabbed Officer Lindow around the neck, and slammed Officer Lindow against a wall." The resisting a peace officer charge was based on the fact that the defendant "resisted and struggled" with Lindow.

It is abundantly clear in this case that the struggle upon which the resisting a peace officer charge was premised was precisely the same struggle in which the defendant bent Officer Lindow's fingers and slammed him against the wall. There was no stoppage and resumption of the struggle which would indicate that two separate struggles occurred. Nor was there evidence of any intervening act occurring between parts of the struggle. Accordingly, we find that the struggle constituted a single act. We therefore vacate the resisting a peace officer charge.

The judgment of the circuit court of Whiteside County convicting the defendant of resisting a peace officer is vacated (30-day sentence). The remainder of the court's judgment is affirmed.

Vacated in part; affirmed in part.

BARRY, P.J., and McCUSKEY, J., concur.