THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES W. DUNCAN, a/k/a James Austin, a/k/a James Week, Defendant-Appellant.

Third District    No. 3—92—0883

Opinion filed May 4, 1994.

958

McCUSKEY, J., concurring in part and dissenting in part.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Norman K. Raffety, State's Attorney, of Hennepin (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

Following a jury trial, the defendant, James W. Duncan, was convicted of arson (Ill. Rev. Stat. 1991, ch. 38, par. 20—1(a)) and two counts of burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—1(a)). He was subsequently sentenced to a term of seven years' imprisonment. The defendant appeals. We vacate one of the two burglary convictions.

The defendant was charged by information with one count of arson and two counts of burglary. One burglary count alleged the defendant had unlawfully entered the Four Corners Tap with the intent to commit a theft and the second alleged he had entered the Four Corners Tap with the intent to commit arson.

The trial record reveals that when the Four Corners Tap, a restaurant and bar located at Magnolia, closed for the night on March 25, 1992, it was left in good condition. However, early the next morning, delivery men arriving at the establishment found the natural gas in the ovens turned on with the pilot lights off. Also, a juke box and poker machines had been pried open and rifled through. An empty money box and bottles of liquor were found lying on the floor. Liquor from the bottles had been splashed over the floor and walls. A milk jug which smelled of gasoline was also on the restaurant floor, and two burned areas were found inside the building. The window in front of the dining room had been broken, and there was a scorched area under and around it.

Robert McLean, Jr., testified that he was with the defendant on the evening of March 25, 1992, and the next morning. McLean stated that he and the defendant had driven by the Four Corners Tap the

night of March 25, 1992, and discussed burglarizing the building and burning it down.

After collecting tools, a milk jug full of gasoline, and dark clothes, McLean and the defendant walked to the Four Corners Tap and pried open one of the doors. They went inside, pried open the poker machines and juke box, and took the money from them. McLean stated that he and the defendant then dumped liquor and gasoline on the floor and the walls before lighting a slow starting matchbook fuse. The two men left, returning to McLean's home. However, they went back to the restaurant later because no fire had started in the building. The defendant said they had to go back to "finish in case we left any evidence to incriminate us."

Defendant prepared a Molotov cocktail from a tomato juice bottle filled with gasoline. He told McLean to bring a rock to break the window. They drove to the Four Corners Tap. After McLean threw the rock through a window, the defendant hurled the Molotov cocktail toward the broken window. The device did not detonate inside the building; instead, it detonated on the window frame.

The men again returned to McLean's house and waited to hear the fire alarm. When they heard no alarm, they again returned to the Four Corners Tap. This time, the defendant tossed chameleon flower fireworks into the building through the broken window. The fireworks caused only momentary sparking. The defendant and McLean then went back to McLean's house and did not return to the Four Corners Tap again.

The jury found the defendant guilty of arson and both counts of burglary. On appeal, the defendant contends that one of his burglary convictions should be vacated because both convictions were based upon a single entry into the Four Corners. We agree.

The defendant is correct when he argues that multiple convictions based on the same physical act or acts cannot stand. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) A person commits burglary when "without authority he knowingly enters *** a building *** with intent to commit therein a felony or theft." (Ill. Rev. Stat. 1991, ch. 38, par. 19—1(a).) The essence of the crime is unlawful entry, and whether an entry is made depends upon the facts of an individual case. (*People v. Davis* (1972), 3 Ill. App. 3d 738, 739, 279 N.E.2d 179.) Here, one of the alleged entries was physically made by the defendant when he entered the premises. The later entry arguably occurred when the defendant threw "sparkler type" fireworks through a broken window. The question before us is whether throwing the fireworks inside the building with the intent of starting a fire in the building was a second "entry" and, therefore, a second burglary. The court in *Davis* stated:

"One could hardly argue that it would not be burglary for a person to break a very small hole in a jeweler's window through which he inserted his hand, or his fingers or a small hook or other instrument and thereby removed or attempted to remove a piece of jewelry. It is not the size of the hole that is determinative but rather, in our opinion, it is whether a hand or instrument was actually inserted into the hole for the purpose of committing the felony." (*Davis*, 3 Ill. App. 3d at 739, 279 N.E.2d at 179.) The court went on to find that the defendant's actions of drilling a hole through the wall constituted an aborted attempt to commit burglary and that, under the facts presented, there was insufficient evidence to prove him guilty beyond a reasonable doubt of burglary.

Here, the evidence clearly showed that the defendant and McLean initially entered the Four Corners Tap without legal authority with the intent to commit theft and arson. Following their entry, they ransacked the premises and collected money from various machines which they pried open. To carry out their plan to burn down the building, they dumped gasoline over the floor of the building. They also dumped the contents of liquor bottles on the floor and walls and lit a slow burning matchbook fuse. Then they left, and because the contemplated fire did not start inside the building, they returned twice to the Four Corners Tap that evening. During the two later visits to the Four Corners Tap, they did not physically enter the building. On the second return, the defendant threw some "sparkler type" fireworks through the broken window so that sparks from the fireworks would ignite the gasoline and liquor.

■ We conclude that when the defendant returned to the Four Corners Tap and threw the chameleon flower fireworks through the broken window, it was not a separate entry. It was a continuation of the original plan to burglarize and burn the building, albeit distinct in time and manner from the initial entry. Accordingly, we determine the defendant was improperly convicted of the burglary count which alleged he had entered the building with the intent to commit arson and we vacate that conviction.

■ We do not deem it necessary to remand this case for resentencing. At sentencing, the trial judge indicated that the defendant's convictions were part of an ongoing transaction. We find that the trial judge was not influenced by the improper conviction in his imposition of the seven-year term of imprisonment. (*People v. Hope* (1986), 142 Ill. App. 3d 171, 491 N.E.2d 785.) Thus, we affirm the sentence.

For the reasons set forth, the conviction for the offense of burglary with the intent to commit arson is vacated. Defendant's

convictions for the offenses of burglary with the intent to commit a theft and arson are affirmed as is the sentence of seven years' imprisonment.

Affirmed in part; reversed in part and vacated in part.

STOUDER, J., concurs.

JUSTICE McCUSKEY, concurring in part and dissenting in part:
I agree with the majority's conclusion that the defendant's sentence and two of his convictions should be affirmed. Accordingly, I concur with that portion of the majority's opinion.

However, based upon my review of the record, I conclude that the defendant's action in throwing fireworks through the broken window was an "unlawful entry" sufficient to support a second conviction of burglary. As a result, I dissent from that portion of the majority's opinion which vacates the defendant's second burglary conviction.

The courts in both *Davis* and *People v. Palmer* (1980), 83 Ill. App. 3d 732, 404 N.E.2d 853, reasoned that entering a building with only an instrument would support a conviction of burglary if the instrument is inserted with the intention of committing a felony inside the building. *Davis*, 3 Ill. App. 3d at 739-40, 279 N.E.2d at 179; *Palmer*, 83 Ill. App. 3d at 736, 404 N.E.2d at 856.

Courts in other jurisdictions have similarly held that an unlawful entry may be made by an instrument when the instrument is inserted into the structure with the intent to commit a felony therein. (*Baker v. State* (Fla. Dist. Ct. App. 1993), 622 So. 2d 1333, 1335; *Sears v. State* (Alaska Ct. App. 1986), 713 P.2d 1218, 1219-20; *People v. Tragni* (1982), 113 Misc. 2d 852, 449 N.Y.S.2d 923, 927.) The court in *Tragni* noted that an example of an entry for purposes of a burglary would be the breaking of a pane of glass with a wooden torch which can then be tossed inside to ignite combustible material inside the building. *Tragni*, 113 Misc. 2d at ___, 449 N.Y.S.2d at 927.

Here, a fire did not occur inside the Four Corners Tap despite the substantial efforts of the defendant and McLean. They tried to start a fire while they were inside the building. They returned to the Four Corners Tap twice that night when they did not hear the sounds of the fire engine. During the two later visits to the Four Corners Tap, they did not physically enter the building, presumably because of the danger they had caused inside the structure by placing flammable accelerants all over the floor and turning on the natural gas in the ovens. On their second return, the defendant threw fireworks through

the broken window. The record is clear the defendant threw the fireworks inside the building so that sparks from the fireworks would ignite the gasoline and liquor and start a fire inside the building.

The only conclusion which can be drawn from these facts and the relevant case law is that an unlawful entry was made by the defendant when he threw the fireworks through the broken window. The fireworks were the instruments inserted into the building for the sole purpose of committing the felony of arson.

The majority concludes, however, that the defendant's conviction of a second burglary cannot stand based upon *People v. King* and the principle of "one act, one crime." The majority concludes "that when the defendant returned to the Four Corners Tap and threw the chameleon flower fireworks through the broken window, it was not a separate entry. It was a continuation of the original plan to burglarize and burn the building, albeit distinct in time and manner from the initial entry." (261 Ill. App. 3d 960.) I cannot agree with this analysis. Obviously, if the defendant's action was "distinct in time and manner" from the earlier illegal acts, it was a separate action which will support a separate conviction.

The majority's holding overlooks the fact that our supreme court in *King* specifically rejected the "independent motivation" test for determining whether multiple convictions could stand. (*King*, 66 Ill. 2d at 565-66, 363 N.E.2d at 844.) The court in *King* stated that there are "no constitutional limitations against multiple convictions and concurrent sentences for different offenses arising from multiple acts which are incidental to or motivated by some greater criminal objective." *King*, 66 Ill. 2d at 565, 363 N.E.2d at 844.

Accordingly, it is well established that multiple convictions and concurrent sentences are permitted when a defendant has committed several acts, despite the interrelationship of those acts. (*People v. Johnson* (1989), 128 Ill. 2d 253, 288, 538 N.E.2d 1118, 1133-34; *King*, 66 Ill. 2d at 566, 363 N.E.2d at 844; *People v. Smith* (1993), 246 Ill. App. 3d 647, 652, 616 N.E.2d 737, 741; *People v. Wrightner* (1991), 219 Ill. App. 3d 231, 234-35, 579 N.E.2d 573, 575.) Therefore, a defendant may be prosecuted for more than one criminal act that arises from the same episode or transaction, so long as the charges do not arise from the same physical act. (*People v. Segara* (1988), 126 Ill. 2d 70, 77, 533 N.E.2d 802, 805; *People v. Cobern* (1992), 236 Ill. App. 3d 300, 303, 603 N.E.2d 693, 695; *People v. Williams* (1991), 222 Ill. App. 3d 129, 137, 582 N.E.2d 1158, 1163.) Among the factors which courts must consider in determining whether a defendant's conduct constituted a single act or several separate acts are: (1) the time interval between the successive parts of the defendant's conduct; (2) the existence of

an intervening act or event; and (3) whether the conduct occurred at the same location. *People v. Keefer* (1992), 229 Ill. App. 3d 582, 584, 593 N.E.2d 1109, 1110.

In this case, the record is clear that there was a lengthy interval between the defendant's two entries into Four Corners Tap. In fact, the second entry did not occur until after the defendant had twice gone back and forth between the Four Corners Tap and McLean's house. Also, numerous intervening acts and events took place prior to the second entry. After reviewing the record and considering these relevant factors, I can only conclude that there were two completely separate acts sufficient to support each conviction of burglary. See *Johnson*, 128 Ill. 2d at 289, 538 N.E.2d at 1134 (where a number of events intervened between two gunshots, each shot was a separate act sufficient to support a conviction).

For the reasons indicated, I would affirm the defendant's second conviction of burglary. Accordingly, I respectfully dissent from that portion of the majority opinion which vacated that conviction.